# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SEAN GLENN JACOBSON, | ) | |
| Petitioner, | ) | 3:11-cv-00024-LRH-RAM |
| vs. | ) | |
| | ) | ORDER |
| JACK PALMER, | ) | |
| Respondent. | ) | |

On July 18, 2011, the Court entered an Order dismissing this petition for writ of habeas corpus without prejudice on the basis that petitioner had failed to pay the filing fee, despite being given several extensions of time to do so. (ECF NO. 22.) Petitioner now moves the Court for a Certificate of Appealability. (ECF No. 25.)

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Moreover, the dismissal of this action was without prejudice, making an appeal improper. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motion for **A CERTIFICATE OF APPEALABILITY (ECF No. 25)** is **DENIED.**

Dated this 19th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2